IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

CHARLES T. PACLIK,                    )
                                      )     Chapter 7
            Debtor.                   )     Case No. 10-49171 RLE 7

## OBJECTION TO DISCHARGE OF THE DEBTOR

Now Comes the Creditor, E. Nicole Carrion, of Thomas, Mottaz, and Eastman,

and files this Objection to Discharge of the Debtor and in support thereof respectfully

states as follows:

1.  That Creditor, E. Nicole Carrion, is an attorney admitted to practice law in the

State of Illinois.

2.  That Creditor, E. Nicole Carrion, is the attorney of record for Jenny C. Paclik,

Debtor's former spouse, in the Debtor's and Jenny C. Paclik's Dissolution of Marriage

proceeding in St. Clair County, Illinois, case number 05-D-814.

3.  That Debtor's Chapter 7 Petition lists Creditor E. Nicole Carrion lists the debt

owed to the Creditor, E. Nicole Carrion, as an unsecured non-priority debt in the amount

of $35,735.12 for attorney's fees.

4.  That Creditor, E. Nicole Carrion's, attorney's fees have been adjudged a

domestic support obligation pursuant to an Order entered by the Circuit Court of the 20th

Judicial Circuit of Illinois on May 29, 2007, and October 3, 2007 respectively (see

Exhibits A and B).

5.  That the Debtor previously filed a Voluntary Petition for Chapter 13

Bankruptcy in the Northern District of California, Cause No. 08-41001, wherein the

Debtor objected to Creditor E. Nicole Carrion's priority secured claim wherein the

Debtor cited the same basis for his argument that Creditor E. Nicole Carrion's claim was a non-priority debt (See Exhibit C).

6. That on or about August 15, 2008, a hearing was held before the Honorable Leslie Tchaikovsky wherein the Court rejected the Debtor's argument that the Creditor E. Nicole Carrion's debt was a non-priority debt and thus dischargeable and ordered the Debtor to amend his Chapter 13 Plan to include Creditor E. Nicole Carrion as a non-dischargeable priority debt and pay her the sum of $300.00 per month for five years towards the outstanding debt owed to Creditor E. Nicole Carrion with any remaining balance after the conclusion of the Plan to be non-dischargeable (see Exhibit D).

7. That the Debtor did amend his Chapter 13 Plan to include Creditor E. Nicole Carrion as a non-dischargeable non-secured priority debt in his Second Amended Chapter 13 Plan as ordered by the Court (see Exhibit E).

8. That the Debtor's Chapter 13 bankruptcy Cause No. 08-41001 was dismissed on or about August 3, 2010.

8. That the issue of the Creditor E. Nicole Carrion's debt being a non-dischargeable priority claim is *res judicata*.

9. That the Debtor has failed to properly list Creditor E. Nicole Carrion as a non-secured priority claimant in his Voluntary Chapter 7 Petition.

10. That Creditor E. Nicole Carrion's claim should not be discharged.

WHEREFORE, Movant respectfully prays that this Court deny Debtor's request to discharge Creditor E. Nicole Carrion's debt as it is a non-dischargeable priority debt, and grant Movant such other and further relief, both in law and in equity, to which she shows herself justly entitled.

E. NICOLE CARRION, Creditor

By: *E. Nicole Car*
E. Nicole Carrion
2520 State Street
Alton, IL 62002
Ph: (618) 466-8484
Fax: (618) 466-2368

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she has caused a true copy of the foregoing document:

**DOCUMENTS**: **Objection to Discharge of the Debtor**

**Re:** **Charles Paclik, Debtor**
**No:** **10-49171 RLE 7**

The undersigned hereby certifies that a true and accurate copy of the Objection to Discharge of the Debtor was deposited in the U.S. Mail first class postage prepaid on October 21, 2010, addressing all creditors listed on debtor's mailing matrix and to the following persons:

Clerk of the US District Court
Northern District of California
1300 Clay Street, Suite 300
Oakland, CA 94612

Attorney for Debtor
Mr. Max Cline, Esq.
Law Office of Max Cline
1300 Clay Street #600
Oakland, CA 94612

Tevis Thompson
Trustee
P.O. Box 1110
Martinez, CA 94553

US Trustee
1301 Clay St., Suite 690N
Oakland, CA 94612-5217

E. Nicole Carrion
2520 State Street
Alton, IL 62002
Ph: (618) 466-8484
Fax: (618) 466-2368



State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

Charles Paclik
PLAINTIFF

vs.                                    No. 05-D-814

Jenny Paclik

Defendant

FILED
ST CLAIR COUNTY

MAY 2 9 2007

14 _____ CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ..............................................................................................................

IT IS THEREFORE ORDERED: Cause called on Petitioners Motions filed April 16, 2007, May 7, 2007, May 15, 2007, and May 21, 2007, Respondents Responsive pleading to all of petitioners motions and Respondents Petition for Adjudication of Civil Contempt and Motion for imposition of Sanctions, Petitioner appears pro se Respondent appears by counsel + with Counsel. GAL Riccilan appear in person. Trial is held on all pending Petitions and Motions. Testimony and evidence produced by both parties and the GAL. The Court after hearing the testimony and evidence hereby FINDS AND ORDERS the following:

Attorneys:                              Enter:

_____
Charles Paclik Plaintiff

_____                    _____
Defendant                                        Judge

White—CC;  Yellow—Plaintiff;  Pink—Defendant

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

*Paelik*
PLAINTIFF

vs.

*Preuik*

Defendant

No. 05 - 0 - 814

FILED
ST CLAIR COUNTY
MAY 2 9 2007
_____ CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: .................................................................................................................

"IT IS THEREFORE ORDERED:

(1) That ~~Respondents~~ Respondents oral motion to dismiss petitioners Application to Sue or Defend As a poor person is granted. Said ~~xxx~~ Application to Sue or Defend is hereby dismissed;

(2) Petitioners petition to modify child support is referred out is to be ~~reset~~ on October 3, 2007 at 9:30 a.m. ~~after xxxxxxxxxxxx date after 30 days.~~ Petitioner is to file a current financial affidavit/statement and to produce all of his paystubs with his new employer within 7 days from the next

Attorneys: _____
Plaintiff

Enter:

_____
Defendant

4 of 9

_____
Judge

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

*Jacklik*
PLAINTIFF

vs.

*Jacklik*

Defendant

No. *05D814*

FILED
ST CLAIR COUNTY

MAY 2 9 2007

CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: .................................................................................................................

IT IS THEREFORE ORDERED:

Scheduled cause date. Petitioner shall provide copies to Respondent's attorney of same within 7 days for prior to the next cause date.

(3.) Petitioner's motion to reconsider is denied after testimony from both parties and the GAL. The Court finds that the orders entered on March 21, 2007 regarding custody and visitation are in the best interest of the children and are necessary to protect the physical, mental, and emotional well being of the children.

(4.) Petitioner's Ex parte petition for Rule to Show Cause is dismissed and Respondent's motion to Dismiss said Petitioner's

Attorneys:

.................................................
Plaintiff

*E. Nicole Garrison*
Defendant

Enter:

.................................................
Judge

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

*Jackson*

PLAINTIFF

vs.

*Jackson*

Defendant

No. 05D814

FILED
ST CLAIR COUNTY
MAY 2 9 2007
CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ............................................................................................................

**IT IS THEREFORE ORDERED:**

Ex parte petition for rule to show cause pursuant to 735 ILCS 5/2-615 is granted.

(5) Petitioner's Motion to Reliez is granted. Petitioner is granted an additional 60 days to pay Erica Kramer $1,679.00 and an additional 120 days to pay $1,100.00 to Jenny Prelile pursuant t the 3/21/02 order. Petitioner shall pay said judgments in monthly installments to ensure that said judgments are paid in full by in the time required allowed. Petitioner shall pay said amounts pursuant to this order to Kramer + Jenny.

(6) Respondents Motion to Dismiss petition for Temporary Emergency Modification of Custody is granted. Said

Attorneys:

_____
CHARLES SPACE    Plaintiff

L. Nicole CARRION
Defendant

(4 of 9)

Enter:

_____
Judge

Case: 10-04330   Doc# 1   Filed: 10/22/10   Entered: 10/22/10 15:23:00   Page 8 of 34
PRINTH PLUS 314.821.2533

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

*Packlin*

PLAINTIFF

vs.                                    No. *05D 814*

*Packlin*       Defendant

FILED
ST CLAIR COUNTY
MAY 2 9 2007
_____
CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ............................................................................................................

IT IS THEREFORE ORDERED:

Petition for Temporary Emergency Modification of custody is dismissed. Respondent is awarded attorneys fees for defending said Petition (see paragraph 13 below) as the Court finds that said Petition was vexatious. All attachments to said petition are hereby stricken and shall be physically removed from the Court file immediately.

(7.) Petitioners Petition for Charge of Psychological Evaluator As a Matter of Right is denied; Respondent's motion to Dismiss said Petition is granted.

Attorneys:                              Enter:

.......................................
CHARLES PACKER   Plaintiff        ( 5 of 9 )

*E. Nicole Gresham*
Defendant

                                        _____
                                        Judge

4M

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

*Paclik*
PLAINTIFF

vs.

No. 05 - D - 814

*Paclik*

Defendant

FILED
ST CLAIR COUNTY
MAY 2 9 2007
14 _____ _____ CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ..................................................................................................

## IT IS THEREFORE ORDERED:

(8) Respondents motion to Dismiss Petitioners Petition for Contempt is denied. Petitioners petition for Contempt is denied but the Court reiterates that the Respondent shall allow daily telephone contact between the children and Petitioner pursuant to March 21, 2007. Petitioner shall make every effort and shall document his attempts to remove all images and information regarding the children on the web

(9) Petitioners Motion for Reprimand, Censure, & Removal of GAL is denied.

10.) Respondents petition for Adjudication of Indirect Civil Contempt is granted. Petitioner is found in Indirect Civil

Attorneys:                                    Enter:

..............................................
*CHARLES PACLIK*

*L. Nicole Carrion*
Defendant

( 6 of 9 )

..............................................
Judge

Case: 10-04330    Doc#: 1    Filed: 10/22/10    Entered: 10/22/10 15:23:00    Page 10 of 34

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

*Pacik*

**PLAINTIFF**

vs.

No. 05 D-814

*Pacik*

**Defendant**

FILED
ST CLAIR COUNTY
MAY 2 9 2007
CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ....................................................................................................

IT IS THEREFORE ORDERED:

contempt of court for his failure to pay child support as previously ordered. Said failure was without cause and justification. Petitioner is in arrears of $7,031.00 as of May 14, 2007 in past due child support. Judgment is entered thereon. Payment on said arrearages is reserved pending further hearing on Petitioner's Motion to Modify child support.

(II.) Respondent's Combined Motion to Dismiss Petitioner's Motion for Recusal, change of venue, and Affidavit in Support is granted. Said Motion for Recusal, change of venue, & Affidavit is dismissed.

Attorneys:

Enter:

_CHARLES PAC___ Plaintiff

_E. Nicole Carrion_
Defendant

(7 of 9)

_____
Judge

White—CC; Yellow—Plaintiff; Pink—Defendant

CC-14-95

PRINTIT PLUS 314.821.2533

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

*Poelik*

PLAINTIFF

vs.

No. *05 D-814*

*Poelik*

Defendant

FILED
ST CLAIR COUNTY
MAY 2 9 2007
CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ..........................................................................................................

IT IS THEREFORE ORDERED:

(12) Petitioners petition to Reconsider Custody is hereby denied. ~~Report~~

(13) Respondents Motion for Imposition of Sanctions is granted in part: Petitioner shall pay Respondents attorneys fees in the amount of $1,290.00 for time expended on the post-judgment motions filed by Petitioner excluding time spent on motions involving contempt regarding denial of phone contact. Judgment is entered thereon in favor of BE. Neal Carrion. Petitioner shall pay said judgment directly to E. Neal Carrion. Said fees are reasonable. Respondents pre-judgment ~~and~~ attorneys

Attorneys

Enter:

........................................
(Charles Poelik) Plaintiff

(8 of 9)

*E. Neal Carrion*
Defendant

........................................
Judge

Case: 10-04330    Doc# 1    Filed: 10/22/10    Entered: 10/22/10 15:23:00    Page 12 of 34        PRINTIT PLUS 314.821.2533

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

*Poclik*

PLAINTIFF

vs.

No. 05 D-514

*Poclik*

Defendant

FILED
ST CLAIR COUNTY
MAY 2 9 2007
CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ...................................................................................................................................

IT IS THEREFORE ORDERED:

*fees are reserved & remain set for hearing on October 3, 2007, at 9:30 a.m., along with GAL fees, review of visitation and psychological evaluation, and Petitioners Motion to Modify child support and permanent support.*

#303

Attorneys:

_____
CHARLES PACLIK          Plaintiff

_____
E. Nicole Carrion
Defendant

Enter:

_____
Judge



State of Illinois

**IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS**

Poelik

PLAINTIFF

vs.                                No. 05-D-814

Poelik

Defendant



FILED
ST CLAIR COUNTY
OCT 3 - 2007
14 _____ CIRCUIT CLERK

## ORDER

This cause coming before the Court, the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ...........................................................................................

IT IS THEREFORE ORDERED:

Courtroom 303 for hearing on the issues of 814 Petitioners visitation and psychological evaluation. With respect to Respondents remaining motions and attorneys fees and CAL fees the Court hereby finds and orders the following after testimony and evidence presented under oath in open Court:

(1.) That Respondents Fourth Motion for Imposition of Sanctions is hereby granted. The Court finds that

Attorneys: _____

_____
Plaintiff

_____
Defendant

Entered: _____

_____
Judge

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

Paclik

**PLAINTIFF**

vs.

No. 05-D-814

Paclik

Defendant

FILED
ST CLAIR COUNTY
OCT 3 - 2007
14 _____ CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ..............................................................................

IT IS THEREFORE ORDERED:

Petitioners pleadings filed since May 29, 2007 are vexatious and caused an unnecessary increase to the cost of litigation. Respondents _____ is awarded $4,480.43 for her attorneys fees incurred from May 29, 2007 to October 3, 2007 & Judgment is entered thereon. Said fees are reasonable in light of the complexity of this case and are in the nature and function as a domestic support obligation.

Attorneys:

_____
Plaintiff

_____
Defendant

Enter:

_____
Judge

Case: 10-04330   Doc# 1   Filed: 10/22/10   Entered: 10/22/10 15:23:00   Page 15 of 34

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

Paelik

PLAINTIFF

vs.

No. 05-D-84

Paelik

Defendant

FILED
ST CLAIR COUNTY

OCT 3 - 2007

14 _____ CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ..................................................................................

## IT IS THEREFORE ORDERED:

(2.) Guardian Ad litem fees are awarded to GAL Patricia Kievlan (see separate order). Said fees are in the nature of a domestic support obligation.

(3.) ~~Respondent~~ Petitioner is found in indirect civil contempt of court for his failure to pay the child support for the months of August, September, October 2007. The Respondent is in arrearage of $1,500.00 as of October 2007 for child support. additional arrears

Support. Judgment is entered thereon in favor of Jenny Paelik. Said arrearage is in the nature of a domestic support obligation.

Attorneys:

_____
Plaintiff

Enter:

_____

_____
Defendant

_____ Hon.

_____ Judge

State of Illinois

## IN THE TWENTIETH JUDICIAL CIRCUIT ST. CLAIR COUNTY BELLEVILLE ILLINOIS

*Poclik*
PLAINTIFF

vs.                                        No. 05-0-814

*Poclik*

                    Defendant

FILED
ST CLAIR COUNTY

OCT 3 – 2007

14 _____ CIRCUIT CLERK

### ORDER

This cause coming before the Court, the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ....................................................................................................

IT IS THEREFORE ORDERED

(A.) That Petitioner is ordered to pay 100% of all of Respondent's attorney's fees incurred since the beginning of this litigation in the amount of $29,964.969. The Court finds that these fees are fair and reasonable in light of the nature, complexity, & protracted nature of this litigation. Judgment is entered thereon and Petitioner shall pay said fees to Jenny Poclik. The Court specifically finds that the Petitioner these fees would not have been incurred done by Respondent but for Petitioner's

Attorneys: _____        Enter: _____

                    Plaintiff

                    Defendant                                Judge

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

Pcelik

PLAINTIFF

vs.

No. 05 D 814

Pcelik

Defendant

FILED
ST CLAIR COUNTY
OCT 3 - 2007
14 *Getaway M*
CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ............................................................................................................

IT IS THEREFORE ORDERED:

repeated, cumulative, vexatious, protracted pleadings and protracted litigation. Said fee are in the nature of a domestic support obligation, and function as such so as not to be dischargeable in bankruptcy. Said fees would be an undue hardship on Respondent if said fees were discharged in bankruptcy as Respondent's ability to pay said fees are limited due to her income and the fact that she is not receiving child support by Petitioner as previously ordered. The Court finds that Petitioner has the ability to pay as evidenced by

Attorneys:

Enter:

......................................
Plaintiff

......................................
Defendant

......................................
Judge

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

Pacui

**PLAINTIFF**

vs.

No. 05-D-814

Prelik

Defendant

FILED
ST CLAIR COUNTY
OCT 3 - 2007
14 _____
CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: .......................................................................

IT IS THEREFORE ORDERED:

Petitioner having paid approximately $50,000 to $60,000.00 in his own attorneys fees (Petitioner has had the benefit of 5 lawyers during this case) and Petitioner's statement that he may hire a 6th lawyer to represent him presently.

(5.) In light of the testimony presented, prior findings of vexatious and cumulative pleadings by Court, the review of the history and prior pleadings and nature of this case, the Court orders that Petitioner shall not file any further pleadings without prior leave of court.

Attorneys:                                    Enter:

_____
Plaintiff

_____
Defendant

_____
Judge

White—Court Yellow—Plaintiff Pink—Defendant

PRINTI PLUS 314 851 2553

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

*Paclik*
PLAINTIFF

vs.                                    No. 05-0-814

*Paclik*

Defendant

FILED
ST CLAIR COUNTY
OCT 3 – 2007
14 _____ CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ...............................................................................................................

IT IS THEREFORE ORDERED:

(6) Petitioner states that he is currently employed by Meyer Logistics. Petitioner shall provide an address for said employer to Respondents attorney within 24 hours so that she may file a new Order of withholding. Petitioner shall pay said child support directly to Respondent until said withholding begins.

(7.) Cause set for *Petitioners* visitation and psychological evaluation on Wednesday, October 10, 2007 at 9:00 a.m. in courtroom 303.

Attorneys: _____        Enter: _____

Plaintiff

_____                    Hon _____

Defendant                                     Judge

_____                    Hon ............

MAX CLINE, ESQ. #055533
JASON CLINE, ESQ. #236531
LAW OFFICE OF MAX CLINE
1300 CLAY STREET, SUITE 600
OAKLAND, CA 94612
510-464-8068
FAX 510-464-8069
Attorney for Debtor(s)



## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In Re:

**Charles Thomas Paclik,**
      Debtor(s)

Chapter 13 Case No: 08-41001 LT13

**Objection to Claim & Notice and Opportunity for Hearing and Certificate of Service**

Claimant: E. Nicole Carrion

Claim No: 7

### OBJECTION TO CLAIM

The Debtor(s) object to the allowance of claim number 7 filed in the amount of $35,735.12 on May 12, 2008, by E. Nicole Carrion, whose address as set forth on its Proof of Claim is as follows: 2520 State Street, Alton, IL 62002

Basis for the objection is as follows:

**Claim is for ex-wife's attorney fees for representing ex-wife in divorce and custody proceedings. There are unusual circumstances in this case that would make this claim a general unsecured claim rather than a priority claim.**

**Debtor relies on the "unusual circumstances rule". See In re Lowther, 321 F.3d 946(10th Circuit Court of Appeals-2002). The Lowther, supra case quoted the Bankruptcy Appellate Panel for the 10th Circuit (In re Lowther), 266 B.R. 753, 759-60 (BAP 10th Cir 2001) as follows:**

**"if a parent's income is so insubstantial that the obligation to pay attorney's fees will clearly affect the parent's ability to financially support the child for a significant duration, that would present an unusual circumstance" – the 10th PAP found the debt to be dischargeable and was affirmed by the 10th Circuit Court of Appeals.**

**The "unusual circumstances rule" was cited with approval by a Connecticut Bankruptcy Court in In re Manzi, 283 B.R. 103 (Bankr. D.Conn 2002)**

**Debtor cannot afford the $644.00 increase in his chapter 13 payment, or a total of $974.00, and still pay his $500.00 per month child support obligation.**

Objecting Party will ask the Court to enter an Order providing that the claim is:

**Unsecured for $35,735.12.**

## DECLARATION OF DEBTOR

I, **Charles Thomas Paclik,** herein, declares under penalty of perjury that the foregoing Objection to Claim is true and correct to the best of my knowledge.
Executed at Walnut Creek, California.

Date: _July 29, 2008_____       _Charles Thomas Paclik_____
                                Charles  Thomas Paclik

        NOTICE IS HEREBY GIVEN

(i)      That Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed and that any objection to the requested relief, or a request for hearing on the matter must be filed and served on requesting party within 20 days of mailing of the notice;

(ii)      That a request for a hearing or objection must be accompanied by any declarations or memoranda of law the party objecting or requesting wishes to present in support of its position;

(iii)      That if there is not a timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and

(iv)      Either (a) That the initiating party will give at least 10 days written notice of hearing to the objecting or requesting party, and to any trustee or committee appointed in the case, in the event an objection or request for hearing is timely made; or (b) The tentative hearing date.

DATED: July 29, 2008                                _Max Cline_____
                                              Max Cline, Esq.

## CERTIFICATE OF MAILING

STATE OF CALIFORNIA, COUNTY OF ALAMEDA
I am a resident of the County aforesaid; I am over the age of 18 years and not a party to the within case. My business address is 1300 Clay Street, Suite 600, Oakland, CA 94612. On July 29, 2008, I served this

       Objection to Claim, Declaration of Debtor, and Notice Thereof with attached copy of claim

by placing a true copy thereof enclosed in a sealed envelope with postage prepaid in the United States mail, at Oakland, California, addressed to party listed below. The Chapter 13 Trustee, Martha Bronitsky, was electronically served.

E. Nicole Carrion
2520 State Street
Alton, IL 62002

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2008 in Oakland, California.

                                            ____Carol Cline_____
                                              Carol Cline

B 1) (Official Form 10) (12/07)

| **UNITED STATES BANKRUPTCY COURT** Northern District of California | **PROOF OF CLAIM** |

| Name of Debtor: **Charles Thomas Paclik** | Case Number: **08-41001** |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**E. Nicole Carrion**

Name and address where notices should be sent:

**2520 State Street
Alton, IL 62002**

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Telephone number:
**(618) 466-8484**

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

**1. Amount of Claim as of Date Case Filed:** $ _____ **35,735.12**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** ___ **Domestic Support Obligat**
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** ___ **2302**

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property:$ _____ Annual Interest Rate ___ %

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $ _____ Basis for perfection: _____

Amount of Secured Claim: $ _____ Amount Unsecured: $ _____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☑ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$ _____ **35,735.12**

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: **5/9/08**

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*E. Nicole Cara*

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.



FILED

IN THE UNITED STATES BANKRUPTCY COURT 2008 AUG -8 PM 1:42
FOR THE NORTHERN DISTRICT OF ILLINOIS

U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
OAKLAND, CA.

CHARLES T. PACLIK,                    )
                                      )          Chapter 13
Debtor.                               )          Case No. 08-41001

## RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NUMBER 7

Now comes the Creditor, E. Nicole Carrion, of Thomas, Mottaz, and Eastman, and files

this Response to Debtor's Objection to Claim Number 7 and in support thereof respectfully states

as follows:

1. That Creditor, E. Nicole Carrion, is an attorney admitted to practice law in the State of

Illinois.

2. That Creditor, E. Nicole Carrion, is the attorney of record for Jenny C. Paclik,

Debtor's former spouse, in the Debtor's and Jenny C. Paclik's Dissolution of Marriage

proceeding in St. Clair County, Illinois, case number 05-D-814.

3. That on or about May 12, 2008, Creditor filed a Proof of Claim Number 7 in this

Court for a priority unsecured claim in the amount of $35,735.12.

4. That Creditor, E. Nicole Carrion's, attorney's fees have been adjudged a domestic

support obligation pursuant to Orders entered by the Circuit Court of the 20th Judicial Circuit of

Illinois on May 29, 2007, and October 3, 2007 respectively.

5. That pursuant to 11 U.S.C. Sec. 523(a)(5), domestic support obligations are not

dischargeable in a bankruptcy proceeding. 11 U.S.C. Sec. 523(a)(5).

6. That on or about July 29, 2008, Debtor filed an Objection to Proof of Claim to this

Creditor's priority secured claim.

7. That Debtor relies on an "unusual circumstances rule" cited in In re Lowther, 321 F.3d

946 (10th Circuit Court of Appeals-2002), to argue his position that this debt should be

1

discharged because he cannot afford the increase in this Chapter 13 payment and still pay his $500.00 per month child support obligation.

8. That the cases, including <u>Lowther</u>, upon which Debtor relies, were decided in 2002 prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter referred to as "BAPCPA").

9. That BAPCPA amended the Bankruptcy Code (hereinafter the "Code") regarding domestic support obligations. Specifically, BAPCPA amended Section 523 (a)(5) and Section 523 (a)(15). Under Section 523(a)(5), as it currently reads, a domestic support obligation is not dischargeable and is an exception to discharge under the Code. The language regarding the debtor's inability to pay the debt that was formerly in Section 523(a)(15) has now been deleted in its entirety under BAPCPA and is no longer taken into consideration. 11 U.S.C. sec. 523 (a)(5) and (a)(15).

10. That prior to BAPCPA, Section 523(a)(15) allowed exceptions to a Debtor having to pay a domestic support obligation when

> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business, or
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse; former spouse; or child of the debtor;

11. That BAPCPA deleted the above-cited provisions of the Code in their entirety whereby the "ability to pay" exception that formerly existed under the Code now with BAPCPA no longer exists. Thus, Debtor cannot now rely on Debtor's ability to pay as a proper basis for objecting to Creditor's claim. Under BAPCPA, because this Creditor's claim is a domestic

Case: 08-41001    Doc# 37    Filed: 08/08/08    Entered: 08/11/08 15:59:47    Page 2 of 6

Case: 10-04330    Doc# 1    Filed: 10/22/10    Entered: 10/22/10 15:23:00    Page 26 of 34

support obligation, it is a priority claim and is not dischargeable under Section 523 (a)(5). Had

Congress in its enactment of BAPCPA intended to create such a rule or exception, Congress

would have written an exception into the statute—which it did not. Moreover, by deleting any

reference to an "inability to pay" exception once included in sec. 523 (a)(15), Congress has

clearly reinforced its policy concerning sec. 523(a)(5) which "has always been to ensure that

genuine support obligations would not be discharged." In re Jones, 9 F.3d 878, 881-882 (10[th]

Cir. 1993). Indeed, the 9th Circuit Court in In re Chang, citing Shaver v. Shaver, reiterates the 9th

Circuit's recognition of "an overriding public policy favoring the enforcement of familial

obligations." In re Chang, 163 F.3d 1138 (9th Circuit Court of Appeals 1998), *citing* Shaver v.

Shaver, 736 F.2d 1314, 1316 (9th Cir. 1984). In Chang, the 9th Circuit Court of Appeals held that

the proper analysis for determining whether or not a particular debt is within Sec. 523(a)(5)

exception to discharge, is whether the debt is in the nature of support. Chang, *supra.*, at 1140.

    12. Moreover, the "unusual circumstances rule" posited in In re Lowther, has been

rejected or held inapplicable by several courts. (*See* In re Douglas, 330 B.R.245 (S.D. Cal. 2005);

In re Sonntag I, 2004 WL 764728 (N.D.Tex 2004); Rubenstein v. Rubenstein, 2006 WL 225259

(Conn.vSuper. 2006); and Rogers v. Morin, 189 Fed. Appx. 299 (5th Cir. 2006). Specifically, the

Court in In re Douglas (S.Dist. Cal. 2005) expressly rejected the "unusual circumstances

exception" of Lowther holding:

> the "unusual circumstances exception" finds no support in the
> language of 11 U.S.C. sec. 523(a)(5)…the Court declines to adopt
> the "unusual circumstances exception" which the Court believes
> was created by the Tenth Circuit in Lowther based upon a
> misreading of Jones. The only issue properly before the court in
> determining whether a debt falls within the parameters of Sec.
> 523(a)(5) is whether it is in the nature of support. Special
> circumstances may come into play in making that determination.
> However, once the determination is made that the debt is in the
> nature of support, no additional considerations are left to the

3

bankruptcy court." In re Douglas, 330 B.R. 245, at 251(S.D. Cal., 2005).

In In re Jones, the Tenth Circuit stated:

> that the term "support" as used in sec. 523(a)(5) is entitled to broad application...Generally, custody actions are directed towards determining which party can provide the best home for the child and are, therefore, held for the child's benefit and support. Therefore, in order that genuine support obligations are not improperly discharged, we hold the term "support" encompasses the issue of custody absent *unusual circumstances* not present here. Consequently, court-ordered attorney's fees arising from post-divorce custody actions are deemed in the nature of support under sec. 523(a)(5) as being incurred on behalf of the child. In re Jones, 9 F.3d 878, 881-882 (10th Cir. 1993) (emphasis added).

The Douglas court held that the "unusual circumstances" language of the Jones court applied to whether or not the debt is in the nature of support. "The (Jones) court was not creating an exception to the rule that debt in the nature of support would be dischargeable, but rather recognizing that under certain circumstances fees arising from a custody action might not be in the nature of support...Once the issue of whether the debt is in the nature of support is resolved, there is no further analysis to be done." In re Douglas, *supra.*, at 249, 250.

In the instant case, the Illinois Court made specific factual findings in its orders that the attorney's fees were in the nature of a domestic support obligation and were thus not dischargeable in bankruptcy. Moreover, Debtor did not dispute the nature of the obligation in Debtor's Objection to Claim Number 7. Indeed, Debtor admitted that said attorney's fees are in the nature of a domestic support obligation in his Illinois Chapter 13 Bankruptcy Petition filed previously. Debtor's sole basis for his Objection is based on his ability to pay pursuant to the "unusual circumstances rule" posited in Lowther, which, as discussed previously, has been rejected by several courts. Because Creditor's claim number 7 is a domestic support obligation, it is not dischargeable pursuant to sec. 523(a)(5).

4

WHEREFORE, Creditor respectfully prays that this Court deny Debtor's Objection to

Claim, upholding Creditor's claim number 7 as a priority unsecured claim, and grant Creditor

such other and further relief, both in law and in equity, to which she shows herself justly entitled.

E. NICOLE CARRION, Creditor

By: *E. Nicole Car*
E. Nicole Carrion
2520 State Street
Alton, IL 62002
Ph: (618) 466-8484
Fax: (618) 466-2368

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she has caused a true copy of the foregoing document:

DOCUMENTS:     Response to Debtor's Objection to Claim

**Re:**   **Charles Paclik, Debtor**
**No:**   **08-41001**

The undersigned hereby certifies that a true and accurate copy of the Response to Debtor's Objection to Claim was deposited in the U.S. Mail first class postage prepaid on August 7, 2008, addressing all creditors listed on debtor's mailing matrix and to the following persons:

Clerk of the US District Court
Northern District of California
1300 Clay Street, Suite 300
Oakland, CA 94612

Attorney for Debtor
Mr. Max Cline, Esq.
Law Office of Max Cline
1300 Clay Street #600
Oakland, CA 94612

Martha G. Bronitsky
Chapter 13 Trustee
P.O. Box 5004
Hayward, CA 94540-5004

US Trustee
1301 Clay St., Suite 680N
Oakland, CA 94612-5217

E. Nicole Carrion
2520 State Street
Alton, IL 62002
Ph: (618) 466-8484
Fax: (618) 466-2368

6



**DebtEd**

# U.S. Bankruptcy Court
## Northern District of California (Oakland)
### Bankruptcy Petition #: 08-41001

*Assigned to:* Judge Leslie J. Tchaikovsky                    *Date Filed:* 03/03/2008
Chapter 13
Voluntary
Asset

*Debtor*                                               represented by **Max Cline**
**Charles Thomas Paclik**                                     Law Offices of Max Cline
1077 North Gate Rd.                                          1300 Clay St. #600
Walnut Creek, CA 94598                                       Oakland, CA 94612
SSN: xxx-xx-2302                                             (510) 464-8068
                                                            Email:
                                                            max008120@yahoo.com

*Trustee*
**Martha G. Bronitsky**
P.O. Box 5004
Hayward, CA 94540-5004
510-266-5580

*U.S. Trustee*
**Office of the U.S. Trustee /Oak**
Office of the U.S. Trustee
1301 Clay St. #690N
Oakland, CA 94612
(510) 637-3200

| Filing Date | # | Docket Text |
|---|---|---|
| 08/28/2008 | 42 | Withdrawal of Documents (RE: related document(s)25 Objection to Confirmation of the Plan). Filed by Creditor E. Nicole Carrion (jaw, ) (Entered: 08/29/2008) |
| 08/27/2008 | 41 | Withdrawal of Documents (RE: related document(s)25 Objection to Confirmation of the Plan). Filed by Creditor E. Nicole Carrion (jaw, ) (Entered: 08/28/2008) |
| 08/18/2008 | 39 | Certificate of Service (RE: related document(s)38 Amended Chapter 13 Plan). (Cline, Max) (Entered: 08/18/2008) |
| 08/15/2008 | 40 | MINUTES: HEARING HELD ON 8/15/08 AT 9:00 A.M. |

| | | |
|---|---|---|
| | | APPEARING: MARTHA BRONITSKY - CH.13 TRUSTEE, MAX CLINE - FOR DEBTOR, E. NICOLE CARRION - CREDITOR IN PRO PER. MR. CLINE PROPOSES TO PUT IN THE PLAN ADDITIONAL $300. FOR MS. CARRION, AND THE 10% TRUSTEE FEE, AND AT THE END OF THE PLAN, WHATEVER IS LEFT THAT IS OWED, WILL BE NON-DISCHARGEABLE. MR. CLINE TO FILE AN AMENDED PLAN THAT INCLUDES HIS PROPOSAL IN 10 DAYS, AND TO SERVE IT ON MS. CARRION. SHE WILL HAVE 10 DAYS TO RESPOND, AND IF THE PLAN IS ACCEPTABLE, TO WITHDRAW HER OBJECTION. IF DONE, THE PLAN WILL BE CONFIRMED, BUT IF NOT, THE TRUSTEE WILL SUBMIT A DISMISSAL ORDER. IF MR. CLINE FILES AND SERVES THE AMENDED PLAN, BUT MS. CARRION DOES NOT WITHDRAW HER OBJECTION, THE TRUSTEE WILL SET ANOTHER HEARING. (RE: related document(s)14 First Amended Chapter 13 Plan Filed by Debtor Charles Thomas Paclik (RE: related document(s)8 Chapter 13 Plan filed by Debtor Charles Thomas Paclik). (Cline, Max), 25 Objection to Confirmation of Plan Filed by Creditor E. Nicole Carrion (jaw, ), 36 Objection to Claim *filed by E. Nicole Carrion* Filed by Debtor Charles Thomas Paclik. (Attachments: # (1) Proof of Claim filed by E. Nicole Carrion)(Cline, Max), 27 Notice of Hearing *Regarding Confirmation Of Chapter 13 Plan With Certificate Of Service* Confirmation hearing to be held on 7/16/2008 at 9:00 AM at Oakland Room 201 - Tchaikovsky. Filed by Trustee Martha G. Bronitsky (Bronitsky, Martha (harbor))). (hb, ) (Entered: 08/18/2008) |
| 08/15/2008 | 38 | Second Amended Chapter 13 Plan Filed by Debtor Charles Thomas Paclik (RE: related document(s)14 Amended Chapter 13 Plan filed by Debtor Charles Thomas Paclik). (Cline, Max) (Entered: 08/15/2008) |
| 08/08/2008 | 37 | Response to (RE: related document(s)36 Objection to Claim). Filed by Creditor E. Nicole Carrion (vmb, ) (Entered: 08/11/2008) |
| 07/29/2008 | 36 | Objection to Claim *filed by E. Nicole Carrion* Filed by Debtor Charles Thomas Paclik. (Attachments: # 1 Proof of Claim filed by E. Nicole Carrion)(Cline, Max) (Entered: 07/29/2008) |
| 07/18/2008 | 35 | BNC Certificate of Mailing (RE: related document(s)34 Order Granting Related Motion/Application). Service Date 07/18/2008. (Admin.) (Entered: 07/18/2008) |
| 07/16/2008 | 34 | Order Granting (RE: related document(s)29 Motion for Relief From Stay filed by Creditor Chase Bank USA, N.A.,). (jaw, ) (Entered: 07/16/2008) |
| 07/16/2008 | 33 | MINUTES: CONFIRMATION HEARING HELD ON 7/16/08 AT 9:00 A.M. APPEARING: MARTHA BRONITSKY - CH. 13 |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA



In re:  **Charles Thomas Paclik**

Case No.  **08-41001**

**CHAPTER 13 PLAN-SECONDED AMENDED**

_____ Debtor(s).

1.  The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $ __**SEE #7 BELOW\***__ each month for _**60**_ months.. Debtor(s) elect a voluntary wage order.  __**X**__ .

2.  From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
    (a)  On allowed claims for expenses of administration required by 11 USC §507.
    (b)  On allowed secured claims, which shall be treated and valued as follows:

| §506 | Non §506 | Name | Value of Collateral | Claim Amount | Pre-confirmation Adequate Protection | Post confirmation Payments | Estimated Mortgage Arrears | Interest Rate (If Specified) |
|------|----------|------|---------------------|--------------|--------------------------------------|----------------------------|----------------------------|------------------------------|
| ☐ | ☒ | **Southern Illinois Area Credit Union** | **1,500.00** | | **30.00** | | | **10.00** |

With respect to secured claims per §506, valuation stated shall bind unless a timely objection to confirmation is filed. With respect to non §506 secured claims as referenced in §1325, the claim, to the extent allowed, shall control. If an interest rate is not specified, 5/6% per annum (10% per annum) will be paid. A secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section §1328.

    (c)  On allowed priority unsecured claims in the order prescribed by 11 USC § 507.  Priority claims shall be paid in full except to the extent allowed otherwise under 11 U.S.C. § 1322(a)(4).
    (d)  On allowed general unsecured claims the debtor's estimate(s) the general unsecured claims will be paid _**Pro Tanto**_ %.

3.  The following executory contracts are rejected.  The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court.  Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).
    **-NONE-**

4.  The debtor(s) will pay directly the following fully secured creditors and lessors:
    Name                                            Monthly Payment
    **-NONE-**

5.  The date this case was confirmed will be the effective date of the plan.

6.  The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation.  Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7.  The debtor(s) further propose pursuant to 11 USC § 1322(b):
    **Special Intentions:**
    **a. Chase Home Finance LLC: Debtor is to surrender real property located at 623 St. Clair Avenue, Belleville, IL   in full satisfaction of claim.**

    **b. If Southern Illinois Area Credit Union does not accept payment as proposed in plan, Debtor will surrender vehicle securing loan.**

    **c. The claim filed by E. Nicole Carrion is a domestic support claim. This claim shall be paid a total of $18,000.00 in this case as a priority claim. Any balance owed on claim plus accrued interest is non-dischargeable in this case.**

    **d. Debtor shall pay trustee $60.00 for first month of plan, $1,202.00 to cover months of May - August 2008. Debtor will increase monthly chapter 13 payment to $730.00 per month starting September 2008 and continuing until plan completed.**

    **e. Claim filed by ex-spouse Jenny Paclik for domestic support arrears shall be paid as a priority claim. Any balance on claim plus accrued interest is non-dischargeable.**

Dated:  __8-15-08_____

__Charles T. Paclik_____
(Debtor)

_____
(Debtor)

N.D. Cal., Oakland Division Model Chapter 13 Plan
Rev. 10/17/2005

Page 1 of 2

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re:  **Charles Thomas Paclik**                    Case No.

_____          **CHAPTER 13 PLAN - Continuation Sheet**
                    Debtor(s).

I/We __**Max Cline, Esq. 055533**__ am/are legal counsel for the above named debtors(s) and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., Oakland Division Model Chapter 13 Plan (October 2005), promulgated pursuant to B.L.R. 1007-1.

                    Max Cline
                    _____
                    Attorney for Debtor(s)

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

                                        Best Case Bankruptcy