The following constitutes
the order of the court. Signed October 05, 2011

_____
Roger L. Efremsky
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 10-49171 RLE |
| CHARLES THOMAS PACLIK, | Chapter 7 |
| Debtor. _____/ | |
| E. NICOLE CARRION, | Adversary No. 10-4330 |
| Plaintiff, | |
| vs. | |
| CHARLES THOMAS PACLIK, | |
| Defendant. _____/ | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

The above-entitled Adversary Proceeding was filed on October 22, 2010. The summons was executed and Defendant filed an answer on November 23, 2010. Case Management Conferences were subsequently held on January 11, 2011 and June 7, 2011.

On June 8, 2011, the Court issued an Order Following Case Management Conference (the "Order"). Pursuant to the Order, cross motions for summary judgment were to be **heard** no later than August 25, 2011, or the Adversary Proceeding would be dismissed.

On August 17, 2011, Plaintiff E. Nicole Carrion filed a Motion for Summary Judgment. It was not set for hearing, nor did Plaintiff seek shortened time for a hearing. As of August 25, 2011,

ORDER DISMISSING ADVERSARY PROCEEDING

Plaintiff's Motion for Summary Judgment had not been set for hearing, nor had a hearing been held.

Defendant did not file a Motion for Summary Judgment. Instead, on August 29, 2011, he filed an Ex Parte Application for Order Striking Document Entitled 'Motion for Summary Judgment' and for Order of Dismissal. It was also not set for hearing.

On August 31, 2011, the Court issued an Order Dismissing the Adversary Proceeding for Lack of Prosecution, on the ground that neither Plaintiff nor Defendant had complied with the Court's Order.

On September 13, 2011, Plaintiff filed a Motion to Reconsider, requesting that the Adversary Proceeding be reinstated.

The Court will not grant the relief Plaintiff seeks. The Court's order was very clear that Motions for Summary Judgment were to be heard by August 25, 2011. Neither party met that deadline. Further, Plaintiff's Motion for Reconsideration does not provide any compelling reasons why she did not meet or attempt to meet the deadline. While Plaintiff claims she incurred delays in obtaining a declaration, that excuse is not persuasive. Plaintiff could have sought a hearing on shortened time, or could have filed a request to extend the deadline, but she did not. The remainder of Plaintiff's claims are irrelevant to the issue of whether Plaintiff timely filed and set for hearing a Motion for Summary Judgment.

Good cause appearing, and for the reasons stated above and in the Court's June 8, 2011 Order:

IT IS HEREBY ORDERED that the Motion to Reconsider is DENIED.

\* \* \* **END OF ORDER** \* \* \*

ORDER DISMISSING ADVERSARY PROCEEDING

**Court Service List (via U.S. Mail and/or ECF)**

E. Nicole Carrion
2520 State St.
Alton, IL 62002

Donald C. Schwartz
Law Offices of Donald C. Schwartz
7960-B Soquel Drive, No. 291
Aptos, CA 95003

Charles Thomas Paclik
14665 Washington Ave., Apt.51
San Leandro, CA 94578